UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

HARTLEY HINES              :
                           :            PRISONER
     v.                    :   Case No. 3:12cv309(AWT)
                           :
BRIAN MURPHY               :

ORDER

Petitioner Hartley Hines, an inmate confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brings this action pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2000).  He challenges his conviction and fifty-five year sentence for murder and criminal possession of a weapon.

Federal habeas corpus statutes impose a one year statute of limitations on federal petitions for a writ of habeas corpus challenging a judgment of conviction imposed by a state court. See 28 U.S.C. § 2244(d)(1) (2000).  The limitations period begins on the completion of the direct appeal or the conclusion of the time within which an appeal could have been filed and may be tolled for the period during which a properly filed state habeas petition is pending.  See 28 U.S.C. § 2244; Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 534 U.S. 924 (2001). The district court has the discretion to raise the timeliness of a federal habeas petition sua sponte.  Day v. McDonough, 547 U.S. 198, 209-10 (2006).

The Connecticut Supreme Court affirmed the petitioner's conviction on March 3, 1998. See State v. Hines, 243 Conn. 796, 709 A.2d 522 (1998). The limitations period began to run ninety days later, on June 1, 1998. See Williams v. Artuz, 237 F.3d 147. 151 (2d Cir.) (the limitations period specified in 28 U.S.C. § 2244(d)(1)(A) commences at the completion of certiorari proceedings in the United States Supreme Court or at the conclusion of the time within which a petition for certiorari could have been filed), cert. denied, 534 U.S. 924 (2001).

The petitioner did not file his state habeas action until May 2, 2002, nearly four years later. See Hines v. Warden-Cheshire, No. CV02-0464100-S, 2004 WL 2595837 (Conn. Super. Ct. Oct. 12, 2004), aff'd, 126 Conn. App. 901, 10 A.3d 1115, cert. denied, 300 Conn. 917, 13 A.3d 1104 (2011). Thus, the limitations period appears to have expired before the petitioner filed his state habeas petition.

Equitable tolling may be applied in habeas cases only in extraordinary and rare circumstances and requires the petitioner to show that he has been pursuing his rights diligently but extraordinary circumstances prevented him from timely filing his petition. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir.), cert. denied sub nom. Diaz v. Conway, 129 S. Ct. 168 (2008). The threshold for petitioner to establish equitable tolling is very high. See Smith v. McGinnis,

208 F.3d 13, 17 (2d Cir.) (acknowledging high threshold for establishing equitable tolling), cert. denied, 531 U.S. 840 (2000). The court must determine whether "the petitioner act[ed] as diligently as reasonably could have been expected *under the circumstances*." Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003) (emphasis in original). The petitioner must have acted with reasonable diligence throughout the entire period he seeks to toll, that is, during the period after the extraordinary circumstances began. See id. at 150.

The petitioner is afforded **twenty (20)** days from the date of this order to show cause why this petition should not be dismissed as time-barred. Failure to respond to this order will result in the dismissal of this case.

**SO ORDERED** this 22nd day of March 2012, at Bridgeport, Connecticut.

/s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE